UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED J. GARCIA,<br><br>                    Petitioner,<br><br>         v.<br><br>JEANNE S. WOODFORD, Director,<br><br>                    Respondent. | Civil No.    04cv1652-J (CAB)<br><br>**REPORT AND RECOMMENDATION TO DENY IN PART AND GRANT IN PART RESPONDENT'S MOTION TO DISMISS** |

Petitioner Alfred J. Garcia, a state prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  This matter comes before the Court on consideration of Respondent Jeanne S. Woodford's motion to dismiss the petition.  Having considered the motion, the opposition thereto, and relevant legal authority, this Court **RECOMMENDS** that the motion to dismiss be **DENIED IN PART AND GRANTED IN PART**.

**I. BACKGROUND**

A jury convicted Petitioner of corporal injury to a spouse, assault with a deadly weapon by means of force likely to cause bodily injury, and two counts of attempted carjacking.  (Lodgment 6, at 1.)  On June 25, 2002, Petitioner appealed his conviction to the California Court of Appeal.  (Lodgment 3.)  The state appellate court affirmed the judgment, with a modification to one of the counts, on April 21, 2003. (Lodgment 6.)  On May 23, 2003, Petitioner filed a petition for review in the California Supreme Court.  (Lodgment 7.)  The petition for review was denied on July 9, 2003.  (Lodgment 8.)

On August 13, 2004, Petition filed a Petition for Writ of Habeas Corpus in this Court.  [Doc. No.

1  1.] Petitioner then filed a First Amended Petition ("FAP" or "Petition") on September 1, 2004. [Doc.
2  No. 5.] In an order dated September 10, 2004, the Court determined that the Petition was "mixed," in
3  that it contained both exhausted and unexhausted claims, and notified Petitioner of his options for
4  remedying the Petition's deficiencies. [Doc. No. 7.] In response, on September 29, 2004, Petitioner
5  filed a motion to stay his FAP and asked the Court to stay the matter while he returned to state court to
6  exhaust his unexhausted claim, claim 4 of the FAP. [Doc. No. 9.] On October 28, 2004, the Court
7  granted the motion and stayed the matter until February 1, 2005. [Doc. No. 14.]
8       Petitioner continued to give the Court status reports on his petition for habeas corpus in state
9  court. Based on the status reports, the Court continued to stay the case several times over the course of
10 2005. [Doc. Nos. 21, 28 & 33.] On February 6, 2006, Petitioner filed a document entitled, "Declaration
11 of Denial by Supreme Court of California," informing the Court that his state habeas corpus petition had
12 been denied by the California Supreme Court. [Doc. No. 37.] The Court therefore ordered that
13 Respondent file a responsive pleading to the FAP, either a motion to dismiss or an answer. [Doc. No.
14 38.] Respondent filed a Motion to Dismiss on April 27, 2006. [Doc. No. 41.] Petitioner filed an
15 opposition to the motion on May 18, 2006. [Doc. No. 43.]

## II. DISCUSSION

17       Respondent contends that the Petition should be dismissed for failure to prosecute or, in the
18 alternative, for failure to exhaust. As an initial matter, the Court notes that Petitioner, in his opposition
19 to the motion to dismiss, concedes that claims two and four of the Petition should be dismissed. (Opp.
20 1-2.) Therefore, this Court **RECOMMENDS** that claims two and four be **DISMISSED**. The Court
21 addresses Respondent's arguments as to claims one and three below.

22 **A. Failure to Prosecute**

23       Respondent argues the Petition should be dismissed for failure to prosecute, because Petitioner
24 waited 13 months after the California Supreme Court denied his petition for review to initially file his
25 federal Petition with this Court. (Mot. to Dismiss 3.) At the same time, however, Respondent concedes
26 that Petitioner did file his Petition within the limitations period prescribed by 28 U.S.C. § 2254(d). (*Id.*
27 at 4.)
28       Because this case was filed after April 24, 1996, it is governed by the Antiterrorism and Effective

Death Penalty Act of 1996, 28 U.S .C. § 2254 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitation applies to an application for a writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The "conclusion of direct review" is not the denial of review by the California Supreme Court, but 90 days thereafter, upon the expiration of the time in which to file a petition for a writ of certiorari in the United States Supreme Court. *Tillema v. Long*, 253 F.3d 494, 498 (9th Cir. 2001); *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). In this case, the California Supreme Court denied Petitioner's petition for review on July 9, 2003. (Lodgment 8.) The 90 day period expired October 7, 2003. The statute of limitations began running on October 8, 2003 and expired on October 8, 2004. Fed. R. Civ. P. 6(a) (excluding the day from which the period begins to run from the calculation of the time). Petitioner filed his original Petition on August 13, 2004, well within the limitations period. Petitioner filed his First Amended Petition on September 1, 2004, also within the limitations period. Under Federal Rule of Civil Procedure 15(a), a habeas petitioner may amend his pleadings once as a matter of course before a responsive pleading is served. *Mayle v. Felix*, 545 U.S. 644, 125 S. Ct. 2562, 2569 (2005). Respondent has failed to show how a Petition filed within the statute of limitations amounts to "dilatory litigation" on Petitioner's part.

Respondent also argues that the Petition should be dismissed, because Petitioner failed to "immediately" inform the Court that the California Supreme Court had denied his state habeas petition. Respondent argues, the state supreme court denied review of Petitioner's state habeas petition on August

17, 2005, but Petitioner made no attempt to inform the Court that claim four had been exhausted until January 23, 2006. (Mot. to Dismiss 4.) Petitioner indicates that this delay was due to some circumstances out of his control. In a declaration attached to his opposition to the motion to dismiss, Petitioner states that when his state habeas petition was denied, in August 2005, he was transferred to another prison. (Decl. in Supp. of Opp. 2.) His mail was not forwarded to him for several months, and he did not receive notice of the state supreme court denial until late in December 2005. (*Id.*) When he did get the notice, however, he attempted to notify the Court soon thereafter. The Court finds Petitioner has provided a reasonable explanation for the delay in notifying the Court.

Finally, Respondent fails to show how she was prejudiced by any delay. To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case. *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). Pendency of a case is not sufficiently prejudicial in and of itself to warrant dismissal. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999). "Limited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by 'unreasonable' delays." *Id.* (quoting *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)). To date, Respondent has not been ordered to answer the Petition, and Respondent will still have an opportunity to file an answer if this case goes forward. Therefore, any delay in the case has not impeded a decision on the merits.

*Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002), cited by Respondent, is inapplicable here. The court in *Pagtalunan* had originally dismissed the petition, because it was not on the correct form and set a deadline for the petitioner to file an amended petition. *Id.* at 641. The case was ultimately dismissed with prejudice, because the petitioner had failed to file an amended petition by the set deadline and had failed to provide any reason for his delay. In this case, Petitioner provided a reasonable explanation for his delay in informing the Court that claim four had been exhausted. In addition, a review of the docket of this case indicates that Petitioner has been reasonably diligent in keeping the Court apprised of the status of his state habeas petition while the federal case was stayed.

It is true that the federal case was stayed because Petitioner was attempting to exhaust claim four, and it now appears Petitioner is agreeing to dismissal of claim four. However, at the time Petitioner

brought the motion to stay the Petition, he believed the claim had merit, and the Court found good cause to stay the Petition. Therefore, the delay in the case due to the stay does not amount to an unjustified or unreasonable delay.

Therefore, this Court **RECOMMENDS** that the Motion to Dismiss based on failure to prosecute be **DENIED** as to claims 1 and 3.

**B. Failure to Exhaust**

Respondent also argues that the Petition should be dismissed, because the claims in the Petition remain unexhausted. Specifically, Respondent argues that while the federal Petition contains federal claims, Petitioner did not allege the violation of any federal rights in the state court. (Mot. to Dismiss 6-7.)

The AEDPA requires that a writ of habeas corpus not be granted unless it appears that the petitioner has exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509 (1982). To properly exhaust state remedies, the petitioner must "fairly present" his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).

A claim is "fairly presented" if the petitioner has described the operative facts and the federal legal theory on which his claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim. *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 277-78 (1971). Commenting on the importance of fair presentation, the United States Supreme Court has stated:

> If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

*Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Following *Duncan*, the Ninth Circuit has held that a state prisoner has not "fairly presented" (and thus exhausted) federal claims in state court unless he specifically indicated to the state court that the claims were based on federal law. *See, e.g.*, *Lyons v. Crawford*, 232 F.3d 666, 669-70 (9th Cir. 2000), as amended by 247 F.3d 904 (9th Cir. 2001) (general reference to insufficiency of evidence, right to be

tried by impartial jury and ineffective assistance of counsel lacked the specificity and explicitness required to present federal claim); *Shumway v. Payne*, 223 F.3d 982, 987-88 (9th Cir. 2000) (broad reference to "due process" insufficient to present federal claim); *see also Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) ("The mere similarity between a claim of state and federal error is insufficient to establish exhaustion.").

A petitioner must make the federal basis of a claim explicit by citing specific provisions of federal statutory or case law, even if the federal basis of a claim is "self-evident," *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), or by citing state cases that explicitly analyze the same federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).  Such explicit fair presentation must be made not only to the trial or post-conviction court, but to the state's highest court. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).  If a petitioner's habeas claim includes new factual allegations not presented to the state court, the claim may be considered unexhausted if the new facts "fundamentally alter" the legal claim presented and considered in state court. *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986).

Claim one of the instant Petition alleges a violation of Petitioner's 5th, 6th and 14th Amendment rights when evidence of violent acts from 1988 were admitted at the trial. (FAP 6.)  Petitioner's appeal to the state appellate court alleged that the admission of the 1988 evidence was improperly admitted under California Evidence Code. (Lodgment 3, at 10.)  Petitioner also alleged that admission of the evidence violated his due process rights guaranteed by the 5th and 14th Amendments of the United States Constitution. (Lodgment 3, at 16.)  Petitioner's petition for review in the state supreme court contained the exact same claim. (Lodgment 7, at 10.)  Petitioner specifically alleged a violation of the 14th Amendment and cited federal case law in making his arguments before the state courts. Accordingly, this Court finds Petitioner has fairly presented the operative facts and federal legal theory of this claim in the state courts, and therefore, Petitioner has fully exhausted claim one.

Claim three of the instant Petition alleges a violation of Petitioner's right to a fair trial and due process under the 6th and 14th Amendments, because the trial court instructed the jury with CALJIC No. 17.41.1. (Pet. 8.)  Petitioner's appeal in the state appellate court alleged that admission of CALJIC No. 17.41.1 violated Petitioner's state and federal constitutional rights. (Lodgment 3, at 20.)  Petitioner

made this same argument in his petition for review in the state supreme court.  (Lodgment 7, at 14.) Petitioner also cited federal case law and state case law that analyzed the issue under the federal constitution.  Accordingly, this Court finds Petitioner has fairly presented the operative facts and federal legal theory of this claim in the state courts, and therefore, Petitioner has fully exhausted claim three.

Having reviewed the current petition and the record of the case, the Court finds that Petitioner has exhausted claims 1 and 3.  Therefore, the Court **RECOMMENDS** that the motion to dismiss claims one and three for failure to exhaust be **DENIED**.

### III.  CONCLUSION

Based upon the above discussion, this Court **RECOMMENDS** that the motion to dismiss the habeas corpus petition be **GRANTED** as to claims two and four, and **DENIED** as to claims one and three.  If this Court's recommendation is adopted, the case would go forward with only claims one and three.  The Court **FURTHER RECOMMENDS** that Respondent be ordered to file an answer to the Petition.  This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than **February 26, 2007** any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **ten days after being served with the objections**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 5, 2007

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge