|  |  |
|---|---|
| 1 |  |
| 2 |  |
| 3 |  |
| 4 |  |
| 5 |  |
| 6 |  |
| 7 |  |

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| ALFRED GARCIA,<br><br>    Petitioner,<br><br>v.<br><br><br>JEANNE WOODFORD, Director,<br><br>    Respondent. | CASE NO. 04cv1652-J (CAB)<br><br>**ORDER:**<br><br>**(1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; and**<br><br>**(2) GRANTING IN PART AND DENYING IN PART RESPONDENT'S MOTION TO DISMISS.** |
|---|---|

     Before the Court is Magistrate Judge Cathy Ann Bencivengo's Report and Recommendation ("R&R"), filed on February 5, 2007, recommending that the Court deny in part and grant in part Respondent Jeanne Woodford's ("Respondent") Motion to Dismiss Petitioner Alfred J. Garcia's Petition for Writ of Habeas Corpus. [Doc. No. 24.] On February 26, 2007, Respondent filed timely Objections to the R&R. [Doc. No. 45.] Petitioner filed a Reply to the Objections to the R&R. [Doc. No. 46.] The issues presented are decided without oral argument pursuant to Local Civil Rule 7.1.d.1. *See* S.D. Cal. Civ. L. R. 7.1.d.1 (2006). For the reasons set forth below, the Court (1) **ADOPTS** the R&R; and (2) **GRANTS IN PART AND DENIES IN PART** Respondent's Motion to Dismiss.

## *Background Facts*

Petitioner was convicted of corporal injury to a spouse, assault with a deadly weapon by means of force likely to cause bodily injury, and two counts of attempted carjacking.  (Lodgm't No. 6.)  On June 25, 2002, Petitioner appealed his conviction to the California Court of Appeal.  (Lodgm't No. 3.)  The state appellate court affirmed the judgment, with a modification to one of the counts, on April 21, 2003.  (Lodgm't No. 6.)  On May 23, 2003, Petitioner filed a petition for review in the California Supreme Court.  (Lodgm't No. 7.)  The petition for review was denied on July 9, 2003.  (Lodgm't No. 8.)

Petitioner filed a Petition for Writ of Habeas Corpus with this Court on August 13, 2004, and a First Amended Petition for Writ of Habeas Corpus ("FAP") on September 1, 2004.  (Doc. Nos. 1, 5.)  The FAP alleges constitutional violations based upon: (1) admission of evidence of Petitioner's past confrontations with a former girlfriend; (2) admission of evidence of a prior rape committed by Petitioner; (3) improper jury instruction; and (4) failure of the state courts to provide Petitioner with an evidentiary hearing.  (FAP at 6-9.)  On September 10, 2004, Magistrate Judge Porter advised Petitioner that although claims one through three had been exhausted in state court, the Petition was subject to dismissal because claim four remained unexhausted.  (Sept. 10, 2004 Order at 2.)  Magistrate Judge Porter then issued a series of stays on the action, allowing Petitioner to exhaust claim four in state court. (*See id.*; Oct. 28, 2004 Order Granting Stay; Feb. 1, 2005 Order Granting Stay; March 24, 2005 Order Granting Stay; June 21, 2005 Order Granting Stay.)  On February 6, 2006, Petitioner filed a document titled "Declaration of Denial by Supreme Court of California" informing the Court that his state habeas corpus petition had been denied by the California Supreme Court. [Doc. No. 37.]  Magistrate Judge Bencivengo ordered Respondent to file either an answer or a motion to dismiss the FAP.[1] [Doc. No. 38.]  Respondent filed a Motion to Dismiss on April 27, 2006. [Doc. No. 41.]  Petitioner filed an opposition to the motion on May 18, 2006. [Doc. No. 43.]  Magistrate

---

[1] The case was transferred from Magistrate Judge Porter to Magistrate Judge Bencivengo on January 12, 2006.  [Doc. No. 34.]

1  Judge Bencivengo subsequently issued a R&R recommending that Respondent's Motion to
2  Dismiss be denied in part and granted in part. [Doc. No. 44.]  On February 26, 2007,
3  Respondent timely filed objections to the R&R. [Doc. No. 45.]  Petitioner filed a Reply to
4  the Objections. [Doc. No. 46.]

### *Legal Standard*

6      The duty of the district court in connection with a magistrate judge's report and
7  recommendation in habeas cases is set forth in Rule 72(b) of the Federal Rules of Civil
8  Procedure and 28 U.S.C. § 636(b)(1).  When an objection is made, the Court must make a
9  *de novo* determination as to those parts to which a party has objected.  *Hunt v. Pliler*, 384
10 F.3d 1118, 1123 (9th Cir. 2004).
11     When no objections are filed, the Court may assume the correctness of the
12 magistrate judge's findings of fact and decide the motion on the applicable law.  *United*
13 *States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).  Under such circumstances, the Ninth
14 Circuit has held that "a failure to file objections only relieves the trial court of its burden to
15 give *de novo* review to factual findings; conclusions of law must still be reviewed *de novo.*"
16 *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989) *overruled on other grounds by*
17 *Simpson v. Lear Astronics Corp.,* 77 F.3d 1170, 1174 (9th Cir. 1996).  In this case,
18 Respondent filed objections to the R&R. [Doc. No. 45.]  Accordingly, this Court will make
19 a *de novo* determination of those parts to which a specific written objection has been made.

### *Discussion*

21     The R&R recommends that Respondent's Motion to Dismiss be granted as to claims
22 two and four because both parties agree that these claims should be dismissed.  (R&R at 2.)
23 Claim 2 alleges constitutional violations based on the admission of evidence of a prior rape
24 committed by Petitioner.  (FAP at 7.)  Petitioner concedes that claim 2 "was never
25 presented to the State Court," states that claim two was "wrongly included" in his Petition,
26 and does not seek to stay his Petition in order to exhaust claim two.  (Opp'n to Mot. to
27 Dismiss at 1-2.)  Claim 4 alleges constitutional violations based on the failure of the state
28 courts to provide Petitioner with an evidentiary hearing.  (FAP at 9.)  Petitioner states that

1  "after additional and renewed review by Petitioner's current legal assistant, Petitioner now
2  believes there is no cognizable claim as to Claim 4 as it is presently drafted in the Habeas
3  and further requests that Claim 4 also be disregarded/dismissed." (Opp'n to Mot. to
4  Dismiss at 2.)  Because it is undisputed that claims two and four state no cognizable claim,
5  the Court **GRANTS** Respondent's Motion to Dismiss as to claims two and four.

6  As to claims one and three of the Petition, Respondent claims that the Petition
7  should be dismissed for failure to prosecute or, in the alternative, for failure to exhaust.
8  The R&R recommends that Respondent's Motion to Dismiss be denied because (1)
9  Respondent has not established a failure to prosecute; and (2) Respondent has not shown
10 that Petitioner failed to fully exhaust these claims.  (R&R at 5-6.)  In her objections to the
11 R&R, Respondent does not specifically object to the R&R's finding that Respondent did
12 not establish a failure to prosecute.  However, Respondent does object to the R&R's
13 conclusion that Petitioner exhausted Claim 1.

14 **I. Respondent's Argument that the Petition Should Be Dismissed for Failure to**
15 **Prosecute**

16 Respondent alleges that the Petition should be dismissed for failure to prosecute
17 because Petitioner was substantially delayed in filing his initial petition, and Petitioner did
18 not obey the Court's instructions to immediately notify the Court once the California
19 Supreme Court had denied his state habeas petition.  (Mot. to Dismiss at 4.)  In opposition,
20 Petitioner argues that his petition was filed within the statutory period, and that
21 circumstances beyond his control led to his delay in informing the Court that the state
22 supreme court had acted on his petition.  (Opp'n to Mot. to Dismiss at 3.)

23 In determining whether to dismiss a claim for failure to prosecute or failure to
24 comply with a court order, the Court must consider the following factors: "(1) the public's
25 interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3)
26 the risk of prejudice to defendants/respondents; (4) the availability of less drastic
27 alternatives; and (5) the public policy favoring disposition of cases on their merits."
28 *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  To prove prejudice, Respondent

1  must establish that "[Petitioner's] actions impaired [Respondent's] ability to proceed to trial
2  or threatened to interfere with the rightful decision of the case." *Id.* (citing *Malone v.
3  United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). "Limited delays and the
4  prejudice to [Respondent] from the pendency of a lawsuit are realities of the system that
5  have to be accepted, provided the prejudice is not compounded by unreasonable delays."
6  *Id.* (citations omitted).

7  The Court must first examine Respondent's argument that Petitioner's initial petition
8  was filed after unreasonable delay. (*See* Mot. to Dismiss at 4.) Pursuant to 28 U.S.C. §
9  2244(d)(1), a one-year period of limitation applies to a petition for writ of habeas corpus
10 filed by a state prisoner. The limitation period runs from "the date on which the judgment
11 became final by the conclusion of direct review or the expiration of the time for seeking
12 such review." *See* 28 U.S.C. § 2244(d)(1) (2000). The "conclusion of direct review" is not
13 the denial of review by the California Supreme Court, but 90 days thereafter, upon the
14 expiration of time in which to file a petition of writ of certiorari in the United States
15 Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). In this case, the
16 California Supreme Court denied Petitioner's petition for review on July 9, 2003.
17 (Lodgm't No. 8.) The 90-day period expired October 7, 2003. The statute of limitations
18 began running on October 8, 2003, and expired on October 8, 2004. Petitioner filed his
19 original Petition on August 13, 2004, which was within the limitations period. [*See* Doc.
20 No. 1.] Petitioner filed his FAP on September 1, 2004, also within the limitations period.
21 [*See* Doc. No. 4.] The Court agrees with the R&R and finds that Respondent has failed to
22 demonstrate how Petitioner's filing of the FAP within the limitations period resulted in
23 unreasonable delay. (*See* R&R at 3.)

24 Respondent also argues that the Petition should be dismissed because Petitioner
25 failed to immediately inform the Court that the California Supreme Court had denied his
26 state habeas petition. (Mot. to Dismiss at 4.) In an order granting Petitioner's Motion for
27 Continued Stay and Abeyance, Magistrate Judge Porter ordered Petitioner to notify the
28 Court immediately after he succeeded in exhausting his pending claim in state court. (*See*

1  March 24, 2005 Order.)  Respondent asserts that Petitioner failed to comply with the
2  Court's order because the state supreme court denied review of Petitioner's state habeas
3  petition on August 17, 2005, but Petitioner did not inform the Court of this development
4  until January 13, 2006.  (Mot. to Dismiss at 4.)  Petitioner states that his delay in informing
5  the Court was due to circumstances beyond his control.  (Opp'n to Mot. to Dismiss at 3.)
6  Petitioner asserts that when his state habeas petition was denied in August 2005, he was
7  transferred to another prison.  (Decl. in Supp. of Opp'n to Mot. to Dismiss at 2.)  Petitioner
8  also states that his mail was not forwarded to him for several months, and he did not
9  receive notice of the state supreme court denial until December 2005.  (*Id.*)  In January
10  2006, he attempted to inform the Court of the denial. [Doc. No. 35.]

11  The Court agrees with the R&R and finds that Petitioner's conduct does not warrant
12  a dismissal for failure to prosecute.  (*See* R&R at 5.)  First, Respondent has failed to
13  demonstrate that she was prejudiced by any delay caused by Petitioner.  Respondent has
14  not alleged that Petitioner's actions "threaten[] to interfere with the rightful decision of the
15  case."  *See Pagtalunan*, 291 F.3d at 642.  To date, Respondent has not been ordered to
16  answer the Petition, and Respondent still will have an opportunity to file an answer.
17  Delays resulting from the movement of prisoners to different facilities "are realities of the
18  system that have to be accepted, provided the prejudice is not compounded by unreasonable
19  delays."  *See id.* (citations omitted).  Petitioner's delay in informing the Court of the state
20  supreme court's decision was not "unreasonable."  Petitioner provided a reasonable
21  explanation for his delay in notifying the Court, and he attempted to inform the Court of the
22  state supreme court's denial soon after he himself received notice of the court's decision.
23  An examination of the record indicates that Petitioner has been reasonably diligent in
24  keeping the Court apprised of the status of his state habeas petition while his federal
25  petition was stayed.  [*See* Doc. Nos. 16, 18, 20.]  In light of "the public policy favoring
26  disposition of cases on their merits," the Court **FINDS** that Petitioner's conduct does not
27  warrant dismissal for failure to prosecute.  *See Pagtalunan*, 291 F.3d at 642.
28

**II. Respondent's Argument that Petitioner's Petition Should be Dismissed for Failure to Exhaust**

Respondent argues that Petitioner's Petition should be dismissed because he has not fairly presented all of his claims in state court and, therefore, Petitioner has failed to exhaust his state court remedies. (Mot. to Dismiss at 6.) For the reasons stated below, the Court agrees with the R&R and **FINDS** that Petitioner fairly presented claims one and three of his Petition in the California Court of Appeal and the California Supreme Court. (*See* R&R at 6-7)

**A. Petitioner's Efforts to Exhaust Claim One of the Petition**

Respondent asserts that Petitioner failed to exhaust claim one of the Petition, which argues that the trial court violated the Fifth, Sixth, and Fourteenth Amendments by admitting evidence of Petitioner's prior violent acts. According to Respondent, Petitioner never presented claim one to the California courts as a federal constitutional claim. (Mot. to Dismiss at 6-7.) In opposition, Petitioner argues that he did present claims to the California Court of Appeal and the California Supreme Court arguing that the trial court's decision to admit evidence of his prior violent acts was a denial of due process guaranteed by the Fifth and Fourteenth Amendments. (Opp'n to Mot. to Dismiss at 5.)

The R&R found that Petitioner presented the operative facts and federal legal theory of claim one in the state courts, and that Petitioner had therefore fully exhausted claim one. (R&R at 6.) Respondent objects to the R&R's finding that Petitioner exhausted claim one. (Objections to R&R at 1.) According to Respondent, Petitioner never argued to the state courts that the trial court's decision to admit evidence of prior violent acts under California Evidence Code Section 1109 was unconstitutional as applied to Petitioner. (*Id.* at 1-2.) Rather, Respondent asserts that Petitioner's state claim merely argued that Section 1109 is, in and of itself, unconstitutional. (*Id.* at 2.) In other words, Respondent argues that Petitioner's state claims challenged the validity of the statute, rather than challenging the constitutionality of the statute as it was applied in Petitioner's case. (*Id.*)

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires

that a writ of habeas corpus not be granted unless it appears that the petitioner has exhausted all available state court remedies. *See* 28 U.S.C. § 2254(b)(1) (2000).  To properly exhaust state court remedies, the petitioner must fairly present his claims to a state court of last resort in a procedurally appropriate manner. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).  A claim is fairly presented if the petitioner has described the operative facts and the federal legal theory on which his claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his federal claim. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982).  A petitioner must make the basis of his federal claim explicit by citing specific provisions of the federal constitution or statutes or by citing federal case law. *See Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000)*, as modified by* 247 F.3d 904 (9th Cir. 2001).  A petitioner can also fairly present his federal claim by citing state cases that explicitly analyze federal constitutional claims. *See Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (*en banc*).  In the context of state court evidentiary rulings, the Supreme Court has mandated that if a habeas petitioner wishes to claim that an evidentiary ruling denied him due process, "he must say so, not only in federal court, but in state court." *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (*per curiam*).

       The Court must examine whether Petitioner fairly presented claim one to the California Court of Appeal and the California Supreme Court.  In claim one of his FAP, Petitioner alleges that his Fifth, Six, and Fourteenth Amendment rights were violated when the state trial court admitted evidence of his prior violent acts. (FAP at 6.)  The brief Petitioner submitted to the California Court of Appeal argues that "[i]t was a denial of due process guaranteed by Amendments V and XIV of the United States Constitution to admit evidence of violent acts from 1988." (Lodgm't No. 3 at 16.)  The brief further states that "[t]he trial court's decision to admit the evidence [of violent acts] constituted error resulting in a denial of due process." (*Id.* at 19.)  Petitioner then cites several federal cases for the proposition that the use of propensity evidence can, in certain circumstances, violate the due process clause. (*Id.* at 16-19.)  Petitioner's petition for review in the California

1 Supreme Court uses nearly identical language and cites the same federal case law in
2 arguing that the admission of propensity evidence in his case violated his due process
3 rights. (*See* Lodgm't No. 7 at 10.) The R&R found that Petitioner fairly presented claim
4 one to the state courts because "Petitioner specifically alleged a violation of the 14th
5 Amendment and cited federal case law in making his arguments before the state courts."
6 (*See* R&R at 6.)

7 Respondent objects to the R&R's finding that claim one was fairly presented to the
8 state courts. (*See* Objections to R&R at 2.) Respondent argues that in the state court
9 proceedings, Petitioner "maintained that California Evidence Code [S]ection 1109 is
10 unconstitutional because propensity evidence, which [S]ection 1109 allows, violates federal
11 due process." (*Id.*) Respondent asserts that claim one was not fairly presented because
12 Petitioner never made "an unconstitutional-as-applied argument" in state court. (*Id.*)
13 However, an examination of Petitioner's state court briefs reveals that he did, in fact, argue
14 that the admission of propensity evidence was unconstitutional as applied to his case. In
15 his briefs submitted to the California Court of Appeal and the California Supreme Court,
16 Petitioner states that "[t]he trial court's decision to admit the evidence [of past violent acts]
17 constituted error resulting in a denial of due process." (Lodgm't No. 3 at 19; Lodgm't No.
18 7 at 13.) The plain language of this statement indicates that Petitioner was challenging the
19 trial court's "decision to admit the evidence", and there is no indication that Petitioner's
20 intent was to challenge the constitutionality of the evidence code itself. (*See id.*) The
21 federal cases that Petitioner cites all deal with instances in which defendants challenged the
22 application of evidentiary rules to their cases, rather than instances in which defendants
23 challenged the constitutionality of evidentiary statutes in and of themselves. (*See* Lodgm't
24 No. 3 at 16-19 (citing *United States v. Bradley*, 5 F.3d 1317 (9th Cir. 1993); *Panzavecchia*
25 *v. Wainwright*, 658 F.2d 337 (5th Cir. 1981); *Lovely v. United States*, 169 F.2d 386 (4th
26 Cir. 1948); Lodgm't No. 7 at 10-13 (citing same case law).) Finally, Petitioner clearly
27 stated in his briefs that the evidentiary ruling resulted in a denial of due process, satisfying
28 the Supreme Court's requirement that a due process challenge in this context be raised "not

only in federal court, but in state court." *See Duncan*, 513 U.S. at 365-66. The record thus demonstrates that in both the California Court of Appeal and the California Supreme Court, Petitioner explicitly presented his claim that the trial court's evidentiary ruling denied him the due process of law guaranteed by the Fourteenth Amendment. Accordingly, the Court agrees with the R&R and **FINDS** that Petitioner exhausted claim one of his Petition. (*See* R&R at 6.)

### B. Petitioner's Efforts to Exhaust Claim Three of the Petition

The Court must next examine whether Petitioner fairly presented claim three of his Petition to the California Court of Appeal and the California Supreme Court. The R&R found that Petitioner "fairly presented the operative facts and federal legal theory of this claim in the state courts, and therefore, Petitioner has fully exhausted claim three." (R&R at 7.) Respondent does not object to the R&R's conclusion that Petitioner has exhausted his state court remedies as to claim three.

Claim three alleges a violation of Petitioner's right to a fair trial under the Sixth Amendment because the trial court instructed the jury with California Jury Instruction ("CALJIC") 17.41.1.[2] (FAP at 8.) Petitioner's brief submitted to the California Court of Appeal alleged that the trial court's use of CALJIC 17.41.1 violated his Sixth Amendment right to a jury trial. (*See* Lodgm't No. 3 at 29.) Petitioner made this same argument in his petition for review in the state supreme court. (*See* Lodgm't No. 7 at 14.) Petitioner also cited federal case law and state case law that analyzed the issue under the federal constitution. (*See* Lodgm't No. 3 at 21-34; Lodgm't No. 7 at 14-15.) The record thus demonstrates that in both the California Court of Appeal and the California Supreme Court, Petitioner explicitly presented his claim that the trial court's use of CALJIC 17.41.1 violated his Sixth Amendment rights. Accordingly, the Court agrees with the R&R and

---

[2] CALJIC 17.41.1. provided that "[t]he integrity of a trial requires that jurors, at all times during their deliberations, conduct themselves as required by these instructions. Accordingly, should it occur that any juror refuses to deliberate or expresses an intention to disregard the law or to decide the case based on penalty or punishment, or any other improper basis, it is the obligation of the other jurors to immediately advise the Court of the situation." The California Supreme Court discontinued use of CALJIC 17.41.1 in 2002. *See People v. Engleman*, 28 Cal. 4th 436 (2002).

1 **FINDS** that Petitioner exhausted claim three of his Petition.  (*See* R&R at 7.)

2    Having reviewed the FAP and the record of the case, the Court **FINDS** that Petitioner has exhausted claims 1 and 3.  Therefore, the Court **DENIES** Respondent's Motion to Dismiss for failure to exhaust.

### *Conclusion*

For the reasons stated above, the Court **GRANTS** Respondent's Motion to Dismiss as to claims two and four of Petitioner's Petition.  The Court **DENIES** Respondent's Motion to Dismiss with respect to claims one and three of the Petition.  The matter shall proceed as to claims one and three only.  The Court **ORDERS** Respondent to file an answer to the Petition no later than *April 17, 2007*.

**IT IS SO ORDERED.**

DATED: March 16, 2007

HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: Magistrate Judge Bencivengo
    All Parties