**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALFRED GARCIA,<br><br>            Petitioner,<br><br>    v.<br><br>JEANNE WOODFORD, Director CDC,<br><br>            Respondent. | Civil No. 04cv1652 J (CAB)<br><br>**ORDER:**<br><br>**(1) ADOPTING MAGISTRATE JUDGE BENCIVENGO'S REPORT AND RECOMMENDATION;**<br><br>**(2) DENYING PETITIONER'S FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS [DOC. NO. 5].** |

    Before the Court is Magistrate Judge Cathy Ann Bencivengo's Report and Recommendation ("R&R") recommending the Court deny Petitioner Alfred Garcia's ("Petitioner") First Amended Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. Petitioner, a state prisoner proceeding *pro se*, timely filed objections to the R&R. [Doc. No. 56.] Respondent has not filed a reply. For the reasons set forth below, this Court **ADOPTS** the R&R and **DENIES** the Petition in its entirety.

### *Legal Standard*

A federal court may grant a habeas petition if it shows the applicant is in custody "in violation of the Constitution or other laws or treaties of the United States." 28 U.S.C. § 2254(a). State interpretation of state laws and rules cannot serve as the basis for a federal habeas petition, as no federal or constitutional question would be implicated. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Habeas petitions are governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy,* 521 U.S. 320 (1997).

Pursuant to AEDPA, a federal court may grant habeas corpus relief from a state court judgment only if the adjudication was (1) contrary to, or involved an unreasonable application of, clearly established federal law, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state court decision is "contrary to clearly established federal law" if it (1) applies a rule that contradicts the governing law set forth in Supreme Court cases, or (2) confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at the opposite result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state court decision is an unreasonable application of the facts "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. If there is no clearly established federal precedent, then a state court decision cannot be contrary to, or an unreasonable application of, federal law. *Brewer v. Hall,* 378 F.3d 952, 955-56 (9th Cir. 2004). Thus, there can be no further discussion of whether the state court decision is legally incorrect. *Id.*

### *Discussion*

Because Petitioner has filed objections to the R&R, the Court must review Petitioner's objections *de novo*. Petitioner's objects to the R&R by claiming: 1) the San Diego Superior Court made an unreasonable determination of facts by admitting prejudicial and unreliable evidence of past domestic violence and 2) the trial court improperly instructed the jury using

California Jury Instruction 17.41.1 ("CALJIC"), an anti-nullification instruction. (*See* Pet'r's Objs. at 1-2.)

**I. Prior Crimes Evidence**

Petitioner argues that the state court decision was an unreasonable determination of the facts under 28 U.S.C. § 2254(d)(2) because the court allowed an ex-girlfriend's testimony of past domestic violence to be admitted. (Pet'r's Objs. at 1-2.) Petitioner contends that his ex-girlfriend's testimony of his past conduct violates California Evidence Code § 1109(e) because his relationship with the witness existed more than ten years prior to the incident. *Id.* at 2. Section 1109(e) does not allow evidence older than ten years to be admitted at trial unless its admission is in the interest of justice. CAL. EVID. CODE § 1109(e). Petitioner also argues that the testimony is unreliable and prejudicial. (Pet'r's Objs. at 2.) Respondent counters that 1) there is no clearly established United States Supreme Court precedent regarding the admission of propensity evidence; 2) Petitioner fails to state a federal question with regard to the admissibility of propensity evidence under California law; and 3) the admission of propensity evidence did not deprive Petitioner of due process. (Doc. No. 50 at 14).

Federal courts cannot overrule a state court's action concerning the admission of evidence unless the ruling renders the trial fundamentally unfair. *See Riggins v. Nevada,* 504 U.S. 127, 147. The U.S. Supreme Court, however, has not decided whether a state law allowing propensity evidence is a violation of federal due process. *Estelle*, 502 U.S. at 75, n.5. In *Estelle*, the state court followed California law and allowed evidence of the victim's prior injuries to prove battered child syndrome. *Id.* at 68. The Court held that the petitioner's due process rights were not violated because the prior injury evidence was "relevant to an issue in the case." *Id.* at 70. More precisely, the evidence was relevant to the element of intent. *Id.*

*Estelle* supports Respondent's argument that Petitioner has not posed a federal question. There is no U.S. Supreme Court authority ruling on whether introducing propensity evidence can give rise to a federal claim. *See id.* Furthermore, the federal court should not examine state court decisions on state law questions. *Id.* at 68. In *Alberni v. McDaniel*, the Ninth Circuit held that a state supreme court did not act unreasonably when ruling that admission of propensity

evidence did not violate due process because the U.S. Supreme Court reserved the right to rule on whether use of propensity evidence gives rise to a federal due process violation in *Estelle*. 458 F.3d 860, 866 (9th Cir. 2006). Section 2254(d) requires the petitioner's contended right be clearly established by Supreme Court precedent; in this case, the asserted right does not meet such a requirement. *See id.* at 867. Instead, the Court has expressly left the issue to the state courts.

Petitioner invokes § 2254(d)(2) in order to circumvent the requirements of § 2254(d)(1), which he cannot meet . (*See* Pet'r's Objs. at 2.) In *Flores v. Stewart*, Flores brought a challenge under §2254(d)(2) even though he could not meet the requisites for §2254(d)(1). No. 06-16897, 2008 WL 2128123, at *1 (9th Cir. 2008). The Ninth Circuit ruled that Flores could not use § 2254(d)(2) to sidestep § 2254(d)(1) because the state court's findings were not unreasonable based on the evidence. *Id.* Petitioner contends that the state court erroneously allowed testimony that directly violates California Evidence Code § 1109(e), which led to a decision based on an unreasonable determination of facts. (Pet'r's Objs. at 2.) As stated above, this Court cannot overrule a state court's action concerning the admission of evidence unless the ruling renders the trial fundamentally unfair. *Riggins,* 504 U.S. at 147. Petitioner's claim is not able to meet this standard. The California Court of Appeal held § 1109(e) to be constitutional (lodgment no. 6 at 9-10) and Petitioner has failed to produce a federal claim. *See Estelle*, 502 U.S. at 75, n.5. Thus, the state court did not act unreasonably and Petitioner's claim fails under § 2254(d)(1) and § 2254(d)(2).

Petitioner contends that U.S. Supreme Court precedent does exist concerning admission of propensity evidence. [Doc. No. 52 at 5.] *Michelson v. United States* states that in common-law jurisdictions, the prosecution generally cannot introduce propensity evidence to establish the defendant's guilt. 335 U.S. 469, 475 (1948). However, there are some exceptions to the rule. *Id.* at 476, n.8. For example, propensity evidence is admissible if the evidence lends itself to an element of the crime. *Id.* Sections 1108 and 1109 of the California Evidence Code are exceptions to the common-law rule excluding propensity evidence. *People v. James,* 81 Cal.App.4th 1343, 1353 (Cal. Ct. App. 2000). The California Supreme Court declared § 1108,

which allows propensity evidence for sexual offenses, as constitutional. *People v. Falsetta,* 21 Cal.4th 903, 915 (1999). Following the reasoning in *Falsetta*, the California Court of Appeal declared §1109, a similar section, as constitutional. *People v. Brown,* 77 Cal.App.4th 1324, 1334 (Cal. Ct. App. 2000); *James,* 81 Cal.App.4th at 1353. The U.S. Supreme Court has reserved the right to rule on whether using propensity evidence gives rise to a constitutional claim. *Estelle,* 502 U.S. at 75, n.5. Petitioner's reliance on *Michelson* fails because what occurred in Petitioner's case was an exception to the *Michelson* rule. Therefore, Petitioner still fails to produce a federal question. Accordingly, the Court **DENIES** the Petition with respect to claim 1.

**II. CALJIC 17.41.1 Instruction**

Petitioner claims that the CALJIC 17.41.1 instruction violated his constitutional rights because the instruction requires jurors to report other jurors who consider alternative "notions of justice, fairness, or oppression" during deliberation. (Lodgment No. 3 at 21.) Furthermore, the instruction "tacitly invites majority jurors to exercise undue pressure on minority jurors - - or on a single holdout juror - - by encouraging an accusation of refusal to deliberate." (*Id.* at 31). Petitioner argues that such tactics therefore effectively persuaded jurors not to consider Petitioner's self defense claim. (Pet'r's Objs. at 3). In his appellate brief, Petitioner stated the trial judge gave CALJIC 17.41.1 as follows:

> The integrity of the trial requires that jurors at all times conduct themselves as required by these instructions. Accordingly, should it occur that any juror refuses to deliberate or expresses an intent to disregard the law or to decide the case based upon penalty or punishment or any other improper basis, it is the obligation of the other jurors to immediately advise the court of the situation. (Lodgment No. 11 at 612).

To justify federal habeas relief, an instruction must have "so infected the entire trial that the resulting conviction violates due process." *Estelle,* 502 U.S. at 71-72. The instruction, when examined in relation to the trial record and the instructions as a whole, must violate a constitutional right. *See id.*

Respondent argues that claim 3 is meritless because the Ninth Circuit ruled in *Brewer v. Hall* that CALJIC 17.41.1 is constitutional and does not contradict established U.S. Supreme Court precedent. [Doc. No. 50 at 17.] In *Brewer*, the petitioner argued that

the CALJIC 17.41.1 instruction denied his constitutional right to due process and a fair jury trial because the instruction intruded on jury deliberations. 458 F.3d at 955. The Ninth Circuit affirmed the district court's denial of the habeas petition because the court held there was no U.S. Supreme Court authority declaring an instruction like CALJIC 17.41.1 unconstitutional, either facially or as applied to Brewer. *Id.* at 956. Therefore, CALJIC 17.41.1 did not infect Petitioner's trial, nor did it violate his right to due process. *See Brewer,* 378 F.3d at 957.

In his Objections, Petitioner contends that the magistrate court failed to take into account the trial record and that CALJIC 17.41.1 effectively quelled any jury deliberation on his self defense claim. (Pet'r's Objs. at 4.) Petitioner relies on *Taylor v. Maddox* to support his objection to the R&R. *Id.* Petitioner contends that failure to reconcile parts of the record casts doubt on the findings of the court. *Id.* In *Taylor*, the petitioner claimed that his confession, used as evidence during trial, was coerced. *Taylor v. Maddox*, 366 F.3d 992, 998 (9th Cir. 2004). The Ninth Circuit granted a conditional writ of habeas corpus to the petitioner because the state court ignored witness testimony supporting petitioner's claim and because the state court's conclusion that the confession was obtained constitutionally was an unreasonable application of U.S. Supreme Court precedent. *Id.* at 1005, 1014, 1018. In the instant action, however, there exists no such established U.S. Supreme Court authority. Without clearly established U.S. Supreme Court precedent, this Court cannot determine that a state court decision violated a fundamental right. Accordingly, the Court **DENIES** Petitioner's petition with respect to claim 3.

///
///
///
///
///
///

*Conclusion*

For the foregoing reasons, this Court **ADOPTS** Judge Bencivengo's R&R and **DENIES** Petitioner's First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

**IT IS SO ORDERED.**

DATED: June 20, 2008

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: All Parties of Record