# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED GARCIA,              )<br>                             )<br>        Petitioner,     )<br>                             )<br>    v.                        )<br>                             )<br> JEANNE WOODWARD, Director CDC, )<br>                             )<br>        Respondent.       )<br>_____) | Civil No. 04cv1652 J (CAB)<br><br>**ORDER DENYING PETITIONER'S APPLICATION FOR CERTIFICATE OF APPEALABILITY** |

Petitioner Alfred Garcia, a state prisoner appearing *pro se*, filed a petition for writ of habeas corpus ("Petition") challenging his conviction pursuant to 28 U.S.C. § 2254. [Doc. No. 1.] Pursuant to 28 U.S.C. § 636(b)(1) and CivLR HC.2 of this District, the Honorable Cathy Ann Bencivengo, United States Magistrate Judge, submitted a report and recommendation ("Report") recommending that this Court deny the Petition. [Doc. No. 55.] Petitioner timely filed Objections to the Report. [Doc. No. 56.] This Court subsequently overruled Petitioner's objections, adopted the Report, and denied the Petition. [Doc. No. 57.] Petitioner now seeks a certificate of appealability pursuant to 28 U.S.C. § 2253 and Federal Rule of Appellate Procedure 22(b). [*See* Doc. No. 60.]

*Legal Standard*

A state prisoner may not appeal the denial of a section 2254 habeas petition unless he obtains a certificate of appealability from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(A); *see also United States v. Asrar*, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates of appealability under AEDPA). In deciding whether to grant a certificate of appealability, a court must either indicate the specific issues supporting a certificate or state reasons why a certificate is not warranted. *See id.* at 1270. A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, petitioner must show that: (1) the issues are debatable among jurists of reason; (2) that a court could resolve the issues in a different manner; or (3) that the questions are adequate to deserve encouragement to proceed further. *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473 (2000) and *Barefoot v. Estelle*, 463 U.S. 880 (1983)). Petitioner does not have to show "that he should prevail on the merits. He has already failed in that endeavor." *Lambright*, 220 F.3d at 1025 (citing *Barefoot*, 463 U.S. at 893 n.4).

*Analysis*

**I. Prior Crimes Evidence**

Petitioner alleges that the trial court violated his Fourteenth Amendment right to due process by admitting propensity evidence. [*See* Doc. No. 60.] The trial court allowed an ex-girlfriend's testimony of past domestic violence to be admitted. [*See* Doc. No. 57.] Petitioner argues that the Supreme Court's decisions in *Michelson v. United States*, 335 U.S. 469 (1948), and *Spencer v. Texas*, 385 U.S. 554 (1967), indicate that using propensity evidence can violate the Due Process Clause. [Doc. No. 60.] In fact, neither case supports such a proposition. In *Michelson*, the Court noted that common law courts almost unanimously bar propensity evidence, but it also identified several exceptions to this rule, including situations where such evidence may be admissible to establish intent or another element of the crime. 335 U.S. at 475 n.8. Nowhere does the Court state that such evidence implicates the Due Process Clause, and, in the end, the court affirmed a conviction that was based in part on propensity evidence. *Id.* at

484-87.  In *Spencer*, the Supreme Court found that a Texas procedure that allowed the use of prior-crimes evidence did not violate the Due Process Clause.  385 U.S. at 564, 569.  Thus, neither *Michelson* nor *Spencer* hold that the admission of propensity evidence violates the Due Process Clause.

In addition, a much more recent Supreme Court case, *Estelle v. McGuire*, declined to express an opinion on "whether a state law would violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime."  502 U.S. 62, 75 n.5 (1991).  This language in *Estelle* clearly indicates that the Supreme Court has not decided whether constitutional rights are implicated by the use of propensity evidence at trial.  As a result, petitioner has not made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

Petitioner further argues that the testimony was admitted in violation of section 1109 of the California Evidence Code and that the deprivation of a "purely state law entitlement" can amount to a violation of the Due Process Clause. [*See* Doc. No. 60.]  Under section 1109, evidence of a defendant's prior acts of domestic violence is admissible in a criminal trial involving domestic violence, but section 1109(e) bars such evidence that is more than ten years old, "unless the court determines that the admission of this evidence is in the interest of justice."  CAL. EVID. CODE § 1109(e).  Petitioner asserts that since the testimony given by his ex-girlfriend concerned an incident more than ten years prior, it should have been inadmissible under Section 1109(e). [*See* Doc. No. 60.]  In a habeas action, however, "errors of state law do not concern us unless they rise to the level of a constitutional violation."  *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir. 1989).  Furthermore, "[f]ederal courts are extraodinarily chary of entertaining habeas corpus violations premised upon asserted deviations from state procedural rules."  *Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991).  As discussed above, the admission of propensity evidence does not amount to a federal constitutional violation.  Thus, petitioner has not presented an issue "debatable among jurists of reason."

**II. CALJIC 17.41.1 Instruction**

Petitioner alleges that the trial court's use of California Jury Instruction (CALJIC) 17.41.1 violated his constitutional rights by intruding on the jury deliberation process. [*See* Doc. No. 60.]  The instruction requires jurors to report other jurors who consider alternative "notions of justice, fairness, or oppression" during deliberation, and petitioner contends that such an instruction "prevents free deliberation." [*See* Doc. Nos. 57, 60.]  Petitioner argues that reasonable jurists could debate whether the use of this instruction deprived him of a constitutional right because the California Supreme Court has recommended that trial courts stop giving CALJIC 17.41.1.  *See People v. Engelman*, 49 P.3d 209, 215 (Cal. 2002) ("We believe it is inadvisable and unnecessary for a trial court to create the risk of intrusion upon the secrecy of deliberations or of an adverse impact upon the course of deliberations by giving such an instruction.").  However, the court in *Engelman* specifically found that giving the instruction did not constitute constitutional error.  *Id.* at 211, 214 ("[T]he instruction does not infringe upon defendant's federal or state constitutional right to trial by jury or his state constitutional right to a unanimous verdict. . . .").  The Ninth Circuit has also held that "there is no clearly established federal law determined by the Supreme Court that indicates that the use of CALJIC 17.41.1 [is] constitutionally improper."  *Brewer v. Hall*, 378 F.3d 952, 954 (9th Cir. 2004).  As a result, the use of CALJIC 17.41.1 in petitioner's trial does not present a question of substance debatable among jurists nor does it raise serious and substantial legal concerns that implicate petitioner's constitutional rights.  *Lambright*, 220 F.3d at 1024-25.

*Conclusion*

Based on the foregoing, **IT IS HEREBY ORDERED** that Petitioner's request for a certificate of appealability is **DENIED**.

DATED: September 5, 2008

HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: Magistrate Judge Bencivengo
    All Counsel of Record